## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.:

**ALEJANDRO PARRA,**

     **Plaintiff,**　　　　　　　　　　　　　　　　　**COMPLAINT**

**v.**

**EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN INFORMATION
SOLUTIONS INC., TRANS UNION LLC, AND
JPMORGAN CHASE & CO.,**

　　　　　　　　　　　　　　　　　　**DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

### COMPLAINT

Plaintiff, Alejandro Parra ("Plaintiff"), by and through counsel, files this Complaint against Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc. ("Experian"), Trans Union LLC ("Trans Union"), and JPMorgan Chase & Co. ("Chase"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dade County, Florida.

5.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.      Defendant Chase is a Delaware corporation whose registered agent in Florida is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Chase is a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

9.      This action involves derogatory and inaccurate reporting of an alleged Debt (the "Debt") by Chase to the Credit Reporting Agencies, Equifax, Experian, and Trans Union.

10.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     The Debt is a Chase business credit card account in which Plaintiff is not the personal guarantor (the "Account").

12.     In or around August 2023, Plaintiff requested a copy of his credit report from Defendant Experian. The Experian report inaccurately listed the Account on his personal credit report.

13.     In or around August 2023, Plaintiff submitted a dispute to Defendant Experian requesting that Experian remove the Account because it was a business account that should not be on his personal credit report.

14.     On or around August 15, 2023, Defendant Experian verified the Account as accurate despite receiving evidence from Plaintiff that the account was being inaccurately reported.

15.     On or around October 31, 2023, Plaintiff requested a copy of his credit report from Defendant Equifax. The Equifax report inaccurately listed the Account on his personal credit report.

16.     In or around early November 2023, Plaintiff submitted a dispute to Defendant Equifax requesting that Equifax remove the Account because it was a business account and should not be on his personal credit report.

17.     On or around November 27, 2023, Defendant Equifax verified the Account as accurate despite receiving evidence from Plaintiff that the account was being inaccurately reported.

18.     On or around October 31, 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The Trans Union report inaccurately listed the Account on his personal credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     In or around early November 2023, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union remove the Account because it was a business account and should not be on his personal credit report.

20.     On or around November 27, 2023, Defendant Trans Union verified the Account as accurate despite receiving evidence from Plaintiff that the account was being inaccurately reported.

21.     Plaintiff was denied lines of credit and loans due to the inaccurate and derogatory reporting of the Account by Defendants Equifax, Experian, and Trans Union and furnished by Defendant Chase.

22.     As of the filing of this complaint, Defendants Equifax, Experian, and Trans Union are still reporting the Account on Plaintiff's credit reports.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Equifax)

23.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-22 of this Complaint.

24.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Equifax, a consumer reporting agency.

25.     In or around October of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Equifax. Therefore, in or around November of 2023, Plaintiff disputed this inaccurate and derogatory information with Defendant Equifax.

26.     Defendant Equifax verified as accurate the alleged Consumer Debt. Despite Defendant Equifax having been put on notice of the fraudulent and inaccurate reporting, Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Equifax did not remove the Account from Plaintiff's Equifax credit report.

27.     As of the filing of this complaint, Defendant Chase's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

28.     Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

29.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

30.     Despite Defendant Equifax having received Plaintiff's dispute of the Account, Defendant Equifax continues to inaccurately report the Account on Plaintiff's personal credit report, despite the Account being a business debt for which Plaintiff is not the personal guarantor.

31.     Continuing to report the status of the Account in this fashion is significant.

32.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

33.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

34.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

35.     Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

36.     Defendant Equifax failed to conduct an independent investigation and, instead, deferred to Defendant Chase, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37.     Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

38.     Defendant Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

39.     Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Chase despite being in possession of evidence that the information was inaccurate.

40.     Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

41.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

42.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

43.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

44.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

45.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

46.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

47.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

48.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

49.     As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

50.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

51.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-22 above of this Complaint.

52.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

53.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

54.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

55.     Additionally, Defendant Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

56.     Defendant Equifax has negligently failed to comply with the FCRA. The failures

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

57.    The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

58.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59.    As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

60.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

61.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-22 of this Complaint.

62.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Experian, a consumer reporting agency.

63.     In or around August 2023, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Experian. Therefore, in or around August of 2023, Plaintiff disputed this inaccurate and derogatory information with Defendant Experian.

64.     Defendant Experian verified as accurate the alleged Consumer Debt. Despite Defendant Experian having been put on notice of the fraudulent and inaccurate reporting, Defendant Experian did not remove the Account from Plaintiff's Experian credit report.

65.     As of the filing of this complaint, Defendant Chase's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

66.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

67.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

68.     Despite Defendant Experian having received Plaintiff's dispute of the Account, Defendant Experian continues to inaccurately report the Account on Plaintiff's personal credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

report, despite the Account being a business debt for which Plaintiff is not the personal guarantor.

69.     Continuing to report the status of the Account in this fashion is significant.

70.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

71.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

72.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

73.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

74.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to Defendant Chase, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

75.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

76.     Defendant Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

77.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Chase

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

despite being in possession of evidence that the information was inaccurate.

78.    Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

79.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

80.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

81.    Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

82.    Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

83.    Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

84.     The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

85.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

86.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

87.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

88.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 4**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

89.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-22 above of this Complaint.

90.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

91.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

92.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

93.     Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

94.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

95.     The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

96.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Trans Union)

99.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-22 of this Complaint.

100.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Trans Union and continues to include the same information concerning inaccurate and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

derogatory reporting of the Account with Defendant Trans Union, a consumer reporting agency.

101.     In or around October of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Trans Union. Therefore, in or around November of 2023, Plaintiff disputed this inaccurate and derogatory information with Defendant Trans Union.

102.     Defendant Trans Union verified as accurate the alleged Consumer Debt. Despite Defendant Trans Union having been put on notice of the fraudulent and inaccurate reporting, Defendant Trans Union did not remove the Account from Plaintiff's Trans Union credit report.

103.     As of the filing of this complaint, Defendant Chase's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

104.     Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

105.     Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

106.     Despite Defendant Trans Union having received Plaintiff's dispute of the Account, Defendant Trans Union continues to inaccurately report the Account on Plaintiff's personal credit report, despite the Account being a business debt for which Plaintiff is not the personal guarantor.

107.     Continuing to report the status of the Account in this fashion is significant.

108.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

109.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit

score to be generated.

110.    Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

111.    Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

112.    Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant Chase, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

113.    Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

114.    Defendant Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

115.    Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Chase despite being in possession of evidence that the information was inaccurate.

116.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

117.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

118.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

119.    Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

120.    Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

121.    Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

122.    The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

123.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

125.     As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

126.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

127.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-22 above of this Complaint.

128.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

129.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

130.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

131.    Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

132.    Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

133.    The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

134.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.    As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

136.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Chase)

137.    Plaintiff incorporates the allegations regarding the Account and Defendant Chase in paragraphs ¶¶ 1-22 of this Complaint.

138.    Defendant Chase is a financial institution.

139.    In or around August and October 2023, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant Chase.

140.    In or around August and October of 2023, Plaintiff submitted disputes of the erroneous and derogatory information reported to Defendants Equifax, Experian, and Trans Union by Defendant Chase.

141.    In response to the Dispute, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Chase of the Dispute in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

142.    As of the filing of this complaint, the debt has continued to be verified by Defendant Chase on Plaintiff's Equifax, Experian, and Trans Union credit report.

143.    Defendant Chase is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

144.    On a date better known by Defendant Chase, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant Chase of Plaintiff's Disputes in accordance with the FCRA.

145.    In response to the notices received from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Chase did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Disputes.

146.    In response to receiving notice from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Disputes, Defendant Chase failed to correct and/or delete information it knew to be inaccurate and/or which Defendants Equifax, Experian, and Trans Union could not otherwise verify.

147.    Instead of conducting a reasonable investigation, Defendant Chase erroneously validated the Account and continued to report inaccurate information to Defendants Equifax, Experian, and Trans Union.

148.    On at least one occasion within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

149.    On at least one occasion within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information provided by the consumer reporting agency, Defendants Equifax, Experian, and Trans Union.

150.    On at least one occasion within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax, Experian, and Trans Union about the inaccurate information.

151.    Upon information and belief, Defendant Chase was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

152.    Defendant Chase's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

153.    As a direct and proximate result of Defendant Chase's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

154.    Defendant Chase's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Chase, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Chase)

156.     Plaintiff incorporates the allegations regarding the Account and Defendant Chase in paragraphs ¶¶ 1-22 of this Complaint.

157.     On at least one occasion within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

158.     On one or more occasions within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Equifax, Experian, and Trans Union.

159.     On one or more occasions within the past year, by example only and without limitation, Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

160.     When Defendant Chase received notice of Plaintiff's disputes from Defendants Equifax, Experian, and Trans Union, Defendant Chase could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

161.     Defendant Chase would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Chase had reviewed its own systems and previous communications with Plaintiff.

162.     Defendant Chase's investigation was per se deficient by reason of these failures in Defendant Chase's investigation of Plaintiff's Disputes.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

163.    As a direct and proximate result of Defendant Chase's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

164.    Defendant Chase's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

165.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Chase awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: December 21, 2023

Respectfully Submitted,
/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com